**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LARRY W. THOMAS, and ) | |
| JUDITH A. THOMAS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-CV-17-TCK-PJC |
| ) | |
| FARMERS INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant Farmers Insurance Company, Inc.'s Motion to Dismiss Plaintiffs' Bad Faith Claim (Doc. 8).

**I.     Background**

On November 6, 2015, Plaintiffs Larry W. Thomas and Judith A. Thomas ("Plaintiffs") filed a Petition in the District Court of Tulsa County, Oklahoma against Defendant Farmers Insurance Company, Inc. ("Defendant"), alleging claims for breach of contract, bad faith, and punitive damages. Plaintiffs' home was covered by a property insurance policy purchased from Defendant. Following an earthquake in 2014, Plaintiffs made a claim under the policy. Plaintiffs' causes of action arise from Defendant's handling of the claim.

**II.    Defendant's Motion**

Defendant moves to dismiss Plaintiffs' bad faith claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion to Dismiss, Defendant argues Plaintiffs have failed to allege enough facts to state a plausible bad faith claim.

**A.     Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

### B.     Analysis

Defendant argues Plaintiffs' bad faith claim should be dismissed because Plaintiffs merely recite the elements of a bad faith claim without providing any factual support. Under Oklahoma law, a claim of bad faith requires Plaintiff to show that: (1) "[the] claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its

duty of good faith and fair dealing was the direct cause of the claimant's injury." *Ball v. Wilshire Ins. Co.*, 221 P.3d 717, 724 (Okla. 2009).

> In support of their bad faith claim, Plaintiffs allege, in part:
>
> Defendant acted unreasonably, outside of insurance industry standards, and is in bad faith by failing to repair or rebuild Plaintiffs' home. Defendant took the position that the extensive damage to the Plaintiffs' home was caused by the soil shifting underneath the home. Defendant was hostile to the Plaintiffs and failed to work with the Plaintiffs in the investigation of the property damage claim which resulted in a wrongful denial of policy benefits for covered property.

(Pet. ¶ 16.) Although Plaintiffs certainly could have provided more factual support, they have provided sufficient factual support to state a plausible bad faith claim. Plaintiffs have identified the alleged unreasonable position taken by Defendant, as well as specific actions allegedly taken by Defendant which violated the duty of good faith (namely, Defendant's hostility and refusal to cooperate in the investigation).

As an aside, the Court finds Plaintiffs' arguments in their response brief regarding the applicability of federal law almost incredulous. Specifically, Plaintiffs' counsel argued that "Defendant's citation to Rule 8(a)(2) of Fed.R.Civ.P. and interpretation of federal case law is without merit." (Resp. 2.) Both the Federal Rules of Civil Procedure and numerous decisions in the Tenth Circuit make clear that federal procedural law governs an action once it is removed to federal court. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("After removal, federal rather than state law governs the course of the later proceedings."); *Flurry v. Bd. of Cty. Comm'rs of the Cty. of Okla.*, 2015 WL 1542373, at *2 (W.D. Okla. Apr. 7, 2015) ("Because this case initiated in state court Plaintiff advocates for the Court to utilize the Oklahoma standard of pleading, which is less onerous than *Twombly*, set forth below. Rule 81(c)(1) of the Federal Rules

of Civil Procedure, however, provides that the federal rules apply following removal, and thus the appropriate federal standards of pleading apply to this case."); *Davenport v. Sugar Mountain Retreat, Inc.*, 2009 WL 3415240, at*2 (N.D. Okla. Oct. 16, 2009) ("[T]he case was removed to federal court and this Court must apply Rule 12(b)(6), as interpreted in *Twombly*, to determine if plaintiff's amended complaint states a claim.") The Court finds this to be a well-settled area of law and certainly not one in which Plaintiffs could legitimately argue that Defendant's position was "without merit."

### III.  Conclusion

Defendant's Motion to Dismiss (Doc. 12) is denied. Defendant shall file an amended answer which also addresses Plaintiffs' bad faith claim within fourteen days from this Opinion and Order pursuant to Rule 12(a)(4)(A).

**IT IS SO ORDERED this 4th day of October, 2016.**

*[signature: Terence Kern]*

**TERENCE KERN**
**United States District Judge**