IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LARRY W. THOMAS and )
JUDITH A.THOMAS, )
 )
      Plaintiffs, )
 )
v. ) Case No. 16-CV-17-TCK-JFJ
 )
FARMERS INSURANCE )
COMPANY, INC., )
 )
      Defendant. )

## OPINION AND ORDER

Before the court is the Motion for Attorneys' Fees and Related Nontaxable Expenses (Doc. 157) filed by defendant Farmers Insurance Company, Inc. ("Farmers"). Farmers seeks $344,447.50 in attorneys fees and related nontaxable expenses in the amount of $35,933.72.[1] Plaintiffs Larry W. Thomas and Judith A. Thomas oppose the motion.

**I. Background**

Farmers issued to Plaintiffs a homeowners' insurance policy which included an Earthquake Endorsement that provided coverage to their property in Sand Springs, Oklahoma, for "direct physical loss or damage caused by earthquake." On November 14, 2014, Plaintiffs submitted a claim to Farmers under the Policy, asserting that their residence and personal property were damaged by an earthquake that had occurred two days earlier. Farmers denied the claim on December 23, 2014, because it determined that the alleged damage to the house was caused by settling under the foundation rather than earthquake activity.

---

[1] Farmers has not yet submitted documentation supporting the attorneys fee request.

After receiving notice of Farmer's denial of the earthquake claim, Plaintiffs reported a claim for a plumbing leak. In a letter dated January 7, 2015, Farmers concluded the leak was from the hot water tank. As a result, Farmers denied coverage for the slab settling, rusted duct work and clogged drain line. It extended coverage for the cleaning of the duct and plenum, but its estimate for the cleaning fell below Plaintiffs' deductible.

In March 2015, Plaintiffs hired an engineer and sought a reevaluation of their earthquake claim. By way of a letter dated April 15, 2015, Farmers again denied the claim. On April 8, 2015, Plaintiffs provided additional documents to Farmers. On April 16, 2015, Farmers sent Plaintiffs a letter concerning the plumbing claim, and—based on the additional documents Plaintiffs had provided—determined there was a leak in the drain line running from the utility closet out the side of the home. Farmers extended coverage to access and egress the slab to make the necessary repairs, but concluded the pipe and the settling caused by the leak were excluded from coverage. Farmers issued payment to Plaintiffs in the amount of $5,365.78 to access and egress the slab to make the necessary repair and reimbursements.

On July 10, 2015, Plaintiffs reported additional damage and requested reinspection of their home. Michael Young, who performed the reinspection on July 17, 2015, concluded there was additional damage to the dwelling not present during the initial inspection. On August 19, 2015, he notified Plaintiffs that Farmers had concluded "the home suffered earthquake damage to the hot water tank closet slab" and that this was a covered loss under the earthquake endorsement, but the remaining damaged portions of the dwelling were a result of settling. No payment was made because Farmers' estimate was less than Plaintiffs' deductible.

Subsequently, Plaintiffs filed suit against Farmers in Tulsa County District Court on November 6, 2015. On January 11, 2016, Farmers removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. Doc. 2.

On February 5, 2018, Farmers made a written offer to Plaintiffs for settlement of all claims pursuant to 36 Okla. Stat. §3629 and subject to Fed. R. Evid. 408. The offer was the highest written offer Farmers made to resolve the claims. Plaintiffs rejected the offer.

Farmers' initial denial of Plaintiffs' earthquake claim, its initial decision that coverage for Plaintiff's water damage loss claim was below the policy deductible, all other claim decisions made after Plaintiffs requested reconsideration, reinspection or consideration of additional documents submitted, were each made within 90 days of the claim submissions, requests or documents submissions. At no time did Farmers fail to offer to settle or reject any of Plaintiffs' claims within ninety days of the receipt of the claim or Plaintiffs' request to reopen such claim.

Plaintiffs filed suit against Farmers in Tulsa County District Court on November 6, 2015, asserting claims for breach of contract and bad faith and unfair dealing. (Doc. 2). Farmers removed the case to this Court on January 11, 2016. *Id.* The case was tried to a jury April 9-13, 2018. The jury found in favor the Farmers and against Plaintiffs on both claims, and the Court entered judgment in favor of Farmers. (Docs. 153-154).

**II. Defendant's Motion for Attorneys' Fees**

Within 14 days after the entry of judgment, a prevailing party may file a motion for attorney's fees and related nontaxable expenses. Fed. R. Civ. P. 54(d)(2). The motion must specify the judgment and the statute, rule or other grounds entitling the movant to the award. *Id.*

Farmers timely filed its motion, citing 6 O.S. § 3629(B), which permits the prevailing party in an insurance coverage dispute to an award of costs and attorney fee. Farmers seeks attorneys' fees of $344,447.50 and $35,933.72 in related nontaxable expenses.

Plaintiffs contend that Farmers is not entitled to an award of attorney fees because (A) Farmers failed to make a 36 O.S. § 3629 written offer of settlement; (B) Farmers is not the "prevailing party" under § 3629(B); (C) Farmer's February 5, 2018 Rule 408 Settlement Offer was not a § 3629(B) "Offer to Settle;" and (D) taxation of fees will "visit extreme hardship" on Plaintiffs.

**III. Analysis**

Oklahoma law provides:

> It shall be the duty of the insurer, receiving proof of loss, to submit a written offer of settlement or rejection of the claim to the insured party within ninety days of receipt of that proof of loss.[2] *Upon judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.* For purposes of this section, the prevailing party is the insurer in those cases in which the judgment does not exceed the written offer of settlement.

6 O.S. § 3629(B) (emphasis added).

**A. Adequacy of Farmer's § 3629 Communication**

Plaintiffs argue that (1) Farmers' deadline for making a valid "offer to settle" in accordance with § 3629 expired on or about October 10, 2015, and (2) that Farmers' August 19, 2015, letter was not an "offer to settle" in accordance with § 3629, because Farmers offered no money to Plaintiffs. However, Plaintiffs' argument ignores the plain language of § 3629(B), which expressly states that the insurer must submit either "a written offer of settlement *or* a "*rejection of the claim*"

---

[2] Effective November 1, 2018, the time for submitting a written offer of settlement or rejection of the claim to the insured was shortened to sixty days.

to the insured. (emphasis added). There is no dispute that Farmers' December 23, 2014, letter constituted a denial of Plaintiffs' claim.[3] *Id.* at *1-2. Accordingly, the August 19, 2015, letter satisfied the requirements of § 3629(B).

**B. Whether Farmers was the "Prevailing Party" Under § 3629(B)**

Applying their same flawed interpretation of § 3629(B)—*i.e.*, that Farmers failed to make a timely offer of settlement—Plaintiffs also contend that Farmers' February 5, 2018, settlement offer was not a valid offer to settle under § 3629(B), because:

- in order to qualify as the prevailing party entitled to fees under § 3629(B), Farmers had to make an "offer of settlement that turned out to be greater than the amount of judgment."

- Farmer's August 19, 2015, offer of settlement was to make no offer at all.

- Plaintiffs neither accepted nor rejected this offer "as there was no offer to accept or reject."

- Therefore, Farmers is not the prevailing party under § 3629(b) "because the judgment is NOT for *less* than the *offer of settlement* made by Farmers on August 19, 2105.

(Doc. 163 at 3-4) (emphasis added). However, under Oklahoma law an insurer is the prevailing party "when the judgment is less than any settlement offer that was tendered to the insured, or *when the insurer rejects the claim and no judgment is awarded.*" *Shinault v. Mid-Century Ins. Co.*, 654 P.2d 618, 619 (Okla. 1982) (emphasis added). In this case, Farmers denied the claim,

---

[3] The Tenth Circuit, in rejecting a similar contention by a plaintiff, commented:

> By dipping into [§ 3629(B)], selecting therefrom a single phrase that is favorable to its cause, and omitting a phrase militating against its interest, Grain Dealers has committed the common fallacy known various as vicious abstraction, accent or suppressed evidence. This occurs whenever an argument is stated as authority, and a relevant, damaging portion of that authority is intentionally or accidentally omitted.

*Grain Dealers Mut. Ins.Co. v. Farmers Alliance Mut. Ins. Co.*, 42 Fed Appx. 219, 220 (10th Cir. 2002) (unpublished).

5

and shortly before trial, made an offer of settlement, which Plaintiffs rejected. The jury returned a verdict in favor of Farmers. Consequently, Farmers is clearly the "prevailing party" and is entitled to recover attorney fees because it rejected the claim and no judgment was awarded to Plaintiffs.

**C. Whether the February 5, 2018 Letter is a Valid Written Offer of Settlement**

Plaintiffs argue that Farmers' February 5, 2018, written offer of settlement was not a valid offer to settle under 36 O.S. § 3629 because it was nearly 30 months late, and that Farmers invoked Fed. R. Evid. 408 in order to shield the settlement offer from the jury. Plaintiffs are wrong. In interpreting 36 O.S. § 3629, the Tenth Circuit has held that the insured is the prevailing party only if its net judgment exceeds "*any* offer of settlement made to the insured, not just to those which are made within the ninety-day window." *Oulds v. Principal Mut. Life Ins. Co.*, 1431, 1446 (10th Cir. 1993) (citing *Shinault v. Mid-Century Ins. Co.*, 654 P.2d 618, 619 (Okla. 1982)).

Moreover, even if the February 5, 2018 settlement offer was not valid, Farmers' August 19, 2015, letter rejecting Plaintiffs' claim complied with the requirements of 36 O.S. § 3629, thereby entitling Farmers to seek attorneys' fees and costs pursuant to the statute.

**D. Plaintiffs' Hardship Argument**

Plaintiffs argue that taxation of attorneys' fees and related costs will work an extreme hardship on them. However, an award of attorneys' fees in this case is mandatory under 36 O.S. § 3629. *Stauth v. National Union Fire Ins. Co. of Pittsburgh*, 236 F.3d 1260, 1266-67 (10th Cir. 2001).[4]

---

[4] The determination of the *amount* of a reasonable fee award is left to the sound discretion of the district court. *Shadoan v. Liberty Mut. Fire Ins. Co.*, 894 P.2d 1140, 1144 (Okla. Ct. App. 1995).

**IV. Conclusion**

For the reasons set forth above, Farmers' Motion for Attorneys' Fees and Related Nontaxable Expenses (Doc. 157) is granted in part. Farmers shall file its documentation supporting its request for fees and related expenses on or before April 10, 2019.

ENTERED this 27th day of March, 2019.

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**