# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

LARRY W. THOMAS and )
JUDITH A. THOMAS, )
                                 )
        Plaintiffs, )
                                 )
v.                                 )    Case No. 16-CV-17-TCK-JFJ
                                 )
FARMERS INSURANCE )
COMPANY, INC., )
                                 )
       Defendant. )

## OPINION AND ORDER

Before the court is the Motion for Attorneys' Fees and Related Nontaxable Expenses (Doc. 157) filed by defendant Farmers Insurance Company, Inc. ("Farmers") pursuant to Fed. R. Civ. P. 54(d)(2) and 6 O.S. § 3629(B). Plaintiffs initially opposed the motion, arguing (1) Farmers was not entitled to an award of attorney fees because it had failed to make a written offer of settlement as required by 36 O.S. § 3629; Farmers was not the "prevailing party" under § 3629(B); Farmer's Rule 408 Settlement Offer was not a § 3629(B) "Offer to Settle"; and that taxation of fees would "visit extreme hardship" on Plaintiffs.

On March 27, 2019, the Court granted Farmers' motion in part, finding Farmers was entitled to recover its attorneys' fees and costs, and directed Farmers to file documentation supporting its request for fees and related expenses. Doc. 186. Farmers filed its Supplemental Brief in Support of Motion for Attorneys' Fees and Related Nontaxable Expenses, seeking $344,447.50 in attorneys' fees and $35,636.45 in related nontaxable expenses. Doc. 189.

In response to Farmers' motion, Plaintiffs asserted that while Farmers had identified the hours billed by partners, associates and paralegals, and requested reimbursement, it had made no

representation to the Court whether the hours billed were accepted and paid as submitted or reduced after an auditing process. Doc. 202 at 1. They requested confirmation of what was paid by Farmers versus what was bill by its counsel. *Id.*

In its reply, Farmers stated that the actual amount of attorneys' fees and expenses paid by Farmers were reduced by $1,790.34 and $841.41, respectively. Doc. 203 at 1. Accordingly, it reduced its requests for fees to $342,657.16 and for related nontaxable expenses to $35,628.04.

## I. Applicable Law

In diversity cases, attorney fees are substantive and are determined by state law. *Oulds v. Principal Mutual Life Ins. Co.*, 6 F.3d 1431, 1445 (10th Cir. 1993). Oklahoma follows the American Rule, which provides that each litigant is responsible for its own attorney fees unless that rule is modified by statute or contractual provision. *State ex rel. Dept. of Transp. v. Norman Indus. Development Corp.*, 41 P.3d 960, 962 (Okla. 2001). Here, the American Rule has been modified by the Oklahoma Legislature's adoption of Okla. Stat. tit. 36, § 3629(B), which states, in pertinent part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. *Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.* For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement.

(emphasis added).

"An attorneys' fee applicant bears the burden of proving that the time and labor for which he seeks compensation are reasonable and that they relate to a claim for which fees are recoverable." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1553 (10th Cir. 1996) (citing *Oliver's Sports Ctr. v. Nat'l Standard Ins. Co.*, 615 P.2d 291, 295 (Okla. 1980) and *State ex rel. Burk v. City of Okla. City*, 598 P.2d 659, 663 (Okla 1979)). An award of costs and

attorneys' fees under 36 O.S. § 3629 is mandatory when the requisite conditions of the statute are satisfied. *See Regional Air, Inc. v. Canal Ins. Co.*, 639 F.3d 1229, 1236 (10th Cir. 2011) ("[Once a litigant establishes itself as the prevailing party under § 3629, an award of attorneys' fees and costs *must* follow.") (emphasis in original), *overruled on other grounds by Yousuf v. Cohlmia*, 741 F.3d 31, 47 (10th Cir. 2014).

The district court must consider: (1) what attorney services were performed; (2) which services were necessary; (3) the value of the necessary services; and (4) what a reasonable fee for the services would be. *Darrow v. Spencer*, 581 P.2d 1309, 1314 (Okla. 1978).

The Oklahoma Supreme Court has outlined a two-step procedure for arriving at a reasonable fee: (1) determine the so-called "lodestar" amount based on the appropriate hourly rate within the market and number of hours reasonably expended, and (2) enhance or reduce this number by adding an amount arrived at by applying the *Burk* factors or those provided for in Rule. 1.5 of the Oklahoma Rules of Professional Conduct. *Burk*, 598 P.2d at 660-61.

At the second step, as outlined in *Burk*, the factors to be considered are:

1. Time and labor required.

2. the novelty and difficulty of the questions.

3. The skill requisite to perform the legal service properly.

4. The preclusion of other employment by the attorney due to acceptance of the case.

5. The customary fee.

6. Whether the fee is fixed or contingent.

7. Time limitations imposed by the client or the circumstances.

8. The amount involved and the results obtained.

9. The experience, reputation and ability of the attorneys.

3

10. The 'undesirability' of the case.

11. The nature and length of the professional relationship with the client.

12. Awards in similar cases.

*Burk*, 598 P.2d at 661.

The final fee determination is further subject to the rule that any fee award must "bear some reasonable relationship to the amount in controversy." *Arkoma Gas Co. v. Otis Engineering Corp.*, 849 P.2d 392, 394 (Okla. 1993); *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.*, 737 P.2d 1186, 1189 (Okla. 1987).

In order to determine a reasonable attorneys fee, "the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Case v. Unified School Dis. No. 233, Johnson County, Kansas*, 157 F.3d 1243, 1250 (10th Cir. 1998). The number of hours requested must be proven "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (citing *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983).

The application for a fee award should reflect the exercise of "billing judgment" with respect to the number of hours claimed, excluding from the fee request any hours that are redundant, excessive or otherwise unnecessary. *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1202 (10th Cir. 1998). "A reasonable rate is the prevailing market rate in the relevant community." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

"An attorneys' fee applicant bears the burden of proving that the time and labor for which he seeks compensation are reasonable and that they relate to a claim for which fees are

recoverable." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1553 (10th Cir. 1996) (citing *Oliver's Sports Ctr. v. Nat'l Standard Ins. Co.*, 615 P.2d 291, 295 (Okla. 1980) and *State ex rel. Burk v. City of Okla. City*, 598 P.2d 659, 663 (Okla. 1979)); *see Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091, 1099-1100 (Okla. 1996) ("Lawyers seeking an award of attorney fees are required to present detailed time records to the court and to offer evidence of the reasonable value for the services performed.") (internal quotations omitted). Lack of sufficient detail in a fee claimant's time records may make it impossible for the court to determine whether particular services are compensable and will justify a denial of all or a portion of the requested fees. *See Case v. Unified Sch. Dist. No. 223*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time.") (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995)).

Further, the Tenth Circuit has recognized that it may be unreasonable and practically impossible for the district court to "identify hours reasonably expended by billing entry or litigation activity." *Case*, 157 F.3d at 1250. "There is no requirement . . . that district courts identify and justify each disallowed hour. Nor is there any requirement that district courts announce what hours are permitted for each legal task. . . . A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Id.* (internal citations omitted).

Where a party opposing a requested fee asserts factual disputes regarding the amount requested, an evidentiary hearing is the preferred procedure for determining the proper fee. *Hutchinson v. Beckworth*, 474 Fed. Appx. 736, 740 (10th C.ir. 2012) (unpublished opinion) (citing *Cramer v. United States*, 47 F.3d 379 382 (10th Cir. 1995)). However, where there is no factual

challenge to the amount of the requested fee, the Court has discretion to rely upon affidavits and the record in the case to determine an appropriate fee award. *Id.*, *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773-74 (10th Cir. 1999).

## II. Analysis

This case was filed in Tulsa County District Court November 6, 2015, removed to this Court on January 11, 2016 and—after lengthy discovery and motion practice—tried to the Court from April 9-13, 2018. Plaintiff asserted claims for breach of contract and bad faith, and sought actual and punitive damages. Doc. 2-1, Petition. According to Farmers, this is the first insurance case involving claims for breach of contract and bad faith involving alleged earthquake damage ever tried in Oklahoma. The scientific nature of the case required specialized evaluation and research. The jury returned verdicts for Farmers on both the breach of contract claim and the bad faith claim, and the result was affirmed on appeal to the Tenth Circuit. Accordingly, the Court concludes that the *Burk* factors support the requested fee award.

Farmers was represented in this matter by the law firm of Richards & Conner, PLLP ("Richards"), in Tulsa. Over the course of the litigation, the attorneys and paralegals at Richards billed between $225 to $275 per hour for its partners, $225 per hour for associates, and $75 per hour for paralegals who worked on the case.

The reasonable hourly rate is that prevailing in the community for similar work. *Henderson v Horace Mann Ins. Co.*, 560 F.Supp.2d 1099, 1113 (N.D. Okla. 2008). Based on the court's knowledge of prevailing market rates, the Court finds the hourly rates billed by Richards are reasonable.

Farmers originally requested total fees of $344,447.50, broken down as follows:

- $44,110.00 for 160.4 hours billed by partners at $275.00 per hour rate
- $115,807.50 for 514.7 hours billed by partners at the $225.00 per hour rate

- $148,635.00 for 660.6 hours billed by associates at the $225.00 per hour rate
- $35,895.00 for 478.6 hours billed by paralegals at the $75.00 per hour rate

The fees were incurred between January 5, 2016—shortly after Plaintiffs' Petition was filed in the District Court of Tulsa—and April 16, 2018, when the jury returned a verdict for Farmers on plaintiffs' claims for breach of contract and bad faith and unfair dealing. Doc. 153, Doc. 190, Ex. A at 1. As noted above, the amounts of attorneys' fees and expenses actually paid by FICO were reduced by $1,790.34 and $8.41 respectively, for a total of $342,657.16 and $35,628.04.

Based on its review of the documentation submitted by Farmers and the representations of the parties, the Court concludes that Farmers is entitled to recovery from Plaintiffs of reasonable attorneys fees of $342,657.16, and related nontaxable expenses of $35,628.04.

ENTERED this 6th day of April, 2020.

TERENCE C. KERN
United States District Judge